# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

CARL PEGGS
1363 Maple Avenue
Croydon, PA 19021

vs.

NATIONAL RAILROAD PASSENGER
CORPORATION (AMTRAK)      :   JURY TRIAL DEMANDED
60 Massachusetts Avenue NE
Washington DC 20002

## COMPLAINT

1. The Plaintiff herein, Carl Peggs, is a citizen of the Commonwealth of Pennsylvania residing at 1363 Maple Avenue, Croydon, PA 19021.

2. Defendant, National Railroad Passenger Corporation (hereinafter referred to as "Amtrak"), is a corporation duly organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania, with its principle place of business at the above address.

3. The action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, Sec 51 et seq., and further amended by the Act of Congress, approved by the President of the United States on August 11, 1939, Chapter 685 - First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act", and under "The Federal Safety Appliance Act", Title 45, U.S.C.A., Sec. 1-16 inclusive and under "The Federal Boiler Inspection Act", Title 45, U.S.C.A., Sec. 22-34, inclusive.

4. All the acts alleged to have been done or not to have been done by the Defendant were done or not done by the Defendant, its agents, servants, workmen and/or employees acting in the course and scope of its employment for and on behalf of the Defendant.

5. At all time material hereto, Plaintiff was employed by Defendant.

6. As an electric traction lineman for Defendant, Plaintiff received training from Defendant at Defendant's training facility in Penn Coach Yard, Philadelphia, Pennsylvania.

7. All of the property, equipment and operations involved in the accident herein referred to were owned by and under the control of the Defendant, its agents, servants and/or employees.

8. On or about January 29, 2015, and for some time prior thereto, Plaintiff was employed by Defendant, Amtrak as a lineman and on that date in the performance of his duties he sustained serious, permanent and painful personal injuries while relocating a steel arm, Plaintiff was instructed to work out of a bucket and had to move the bucket approximately 3 ft when lifting from previous position on the pole to the next position.  While lifting the heavy arm in this awkward manner as he was instructed, the arm jammed and control was temporarily lost, as control was quickly regained, Plaintiff felt a sharp pain in his neck and shoulder.  Plaintiff was caused to sustain injuries due to the negligence and carelessness of the Defendant.  As a result, Plaintiff sustained severe personal injuries hereinafter described.

9. The negligence and carelessness of the Defendant consisted of the following, inter alia:

    a)    Failing to provide Plaintiff with a safe place to work;

    b)    Failing to provide Plaintiff with a working area that was not defective;

    c)    Failing to warn Plaintiff of the existence of said dangerous condition;

    d)    Failing to make the work area reasonable safe for working conditions;

    e)    Failing to maintain said area in a condition which would protect and safeguard the Plaintiff;

    f)    Failing to correct the dangerous conditions existing thereon;

10. As a result of the aforesaid negligence of Amtrak, Plaintiff suffered cervical disc herniation at C5-C6 and radiculopathy on the right side.  Plaintiff believes some or all of the above injuries may be permanent in nature.

11. As a result of the aforesaid, Plaintiff has and may hereafter incur a medically determinable physical or mental impairment which prevents Plaintiff from performing all or substantially all of the material acts and duties which constitute his usual and customary daily activities.

13. As a result of the aforesaid, Plaintiff has and may suffer a severe loss of his earnings and impairment to his earning capacity and power.

14. As a further result of the negligence of the Defendant, the Plaintiff has undergone great physical pain and mental anguish and will continue to endure the same for an indefinite time in the future, all to his great detriment and loss.

15. As a further result of the aforesaid, Plaintiff has been obliged to expend large sums of money for medicines and medical care and attention in and about an effort to effect a cure of his aforesaid injuries, and he will be obliged to continue to expend large sums of money for the same purposes for an indefinite time in the future, all to his great detriment and loss.

WHEREFORE, Plaintiff, Carl Peggs, claims of the Defendant, a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

**KELLER & GOGGIN, P.C.**

By:     /s/James M. Duckworth
JAMES M. DUCKWORTH, ESQUIRE
Attorney for Plaintiff

## **VERIFICATION**

I, _____ have read the foregoing.  The statements herein are correct to the best of my personal knowledge, information and/or belief.  This statement and verification is made subject to the penalties or 18 Pa. C.S.A.Sec. 4904 relating to unsworn falsifications to authorities, which provide that if I knowingly make false averments, I may be subject to criminal penalties.

_____